IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RENA DREW GLASER**                                                    **PLAINTIFF**

**VS.**                                           **CAUSE NO.: 3:23CV429-MPM-RP**

**WAL-MART STORES EAST, LP,**
**RANDY MCCOY et al**                                        **DEFENDANTS**

## **ORDER**

This cause comes before the court on the motion of plaintiff Rena Drew Glaser to remand this case to the Circuit Court of Tate County. Defendants Walmart Stores East, LP and Randy McCoy have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

This is a premises liability action arising out of an April 7, 2023 incident in which plaintiff claims that she was injured at the Senatobia Walmart. Plaintiff alleges that on April 7, 2023, she stepped backwards and tripped over a pallet located between two displays in the main aisle of the store. [Complaint at 3]. Plaintiff further alleges that this pallet was negligently placed in a location where it was likely to cause customers to trip and fall on it, and she contends that, in his capacity as manager, defendant McCoy was negligent in failing to train and supervise his employees. [*Id.* at 4]. On November 10, 2023, defendants removed this case to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff has presently moved to remand, arguing that diversity jurisdiction is lacking, inasmuch as she and McCoy are each citizens of Mississippi. In opposing remand, defendants argue that McCoy was fraudulently

1

joined in this action and that his Mississippi citizenship should therefore be disregarded for diversity purposes.

In considering defendants' arguments, this court initially notes that the removing party bears the difficult burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir. 2000). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse [defendant] in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Rather than a "mere theoretical possibility of recovery," there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis*, 326 F.3d at 648 (*citing Badon v. RJR Nabisco Inc*., 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

In the court's view, no discussion of the fraudulent joinder doctrine in this circuit would be complete without noting the dramatic changes which have taken place in this context in the past two decades. Prior to 2004, the Fifth Circuit, essentially alone among the federal circuits, applied a highly expansive version of the fraudulent joinder doctrine which resulted in the doctrine being found applicable in far more cases than in any other circuit. *See* E. Farish Percy, <u>Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder</u>, 91 Iowa L.Rev. 189, 240 tbl. 1 (2005)(noting the dramatically larger number of fraudulent joinder removals in the Fifth Circuit than in any other circuit). In its seminal decision in *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568 (5th Cir. 2004), however, the *en*

*banc* Fifth Circuit brought its fraudulent joinder jurisprudence more in line with that of other circuits.

In *Smallwood*, the Fifth Circuit made it clear that district courts should apply a standard of review which is far more deferential to the allegations made by the plaintiff than had previously been the case in this circuit. The Fifth Circuit in *Smallwood* gave the following directives to district courts in conducting this inquiry:

> A court may resolve th[is] issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573. Unsurprisingly, *Smallwood* has resulted in a dramatic reduction in the number of fraudulent joinder removals in this state, since its endorsement of a Rule 12-type inquiry in most cases inevitably leads to a much more limited application of the doctrine than during the time when a summary judgment-type inquiry was routinely conducted.

Following *Smallwood*, it is far easier for plaintiffs in this circuit to establish a reasonable possibility of recovery against a non-diverse defendant for fraudulent joinder purposes, and this applies to slip-and-fall cases as well. Nevertheless, this court notes that it recently denied a motion to remand in a slip-and-fall action filed against Walmart, *see Capnord v. Cosey*, 618 F. Supp. 3d 348, 351 (N.D. Miss. 2023), and it believes that this decision provides a good example of the sort of fact pattern which supports denial of a motion to remand even post-*Smallwood*. In *Capnord*, this court declined to remand a case where the plaintiff alleged that a particular non-diverse employee had been responsible for an allegedly dangerous condition in the store. In

3

finding the plaintiff's allegations against the employee to be completely without merit, this court wrote in *Capnord* that:

> [W]hile plaintiff's complaint "says the right things," his affidavit makes it clear that he has no factual basis for believing that Cosey was in any way responsible for the accident in this case. In so stating, this court notes that Cosey asserts in his own affidavit that his job at the Greenwood Walmart was to serve as a "Digital Coach" whose responsibility it was to "make sure customer's online merchandise orders were done correctly and filled in a timely manner." [Affidavit at 1]. As one would expect from an employee of this nature, Cosey asserted that he did not have any responsibility for "responding to reports of alleged dangerous conditions on the floor," nor was it his job to "to monitor the condition of the premises, ceiling, air conditioning, coolers, or products on the shelves" as alleged by Plaintiff in his complaint. [*Id.*] With regard to the specific incident in this case, Cosey asserts that "I have no personal knowledge of the incident alleged by plaintiff whereby he claimed water or another substance was on the floor of the Walmart store in Greenwood, Mississippi on January 22, 2021." [Affidavit at 2]. In the court's view, Cosey's affidavit places a heavy burden on plaintiff to explain exactly why he sued him in this slip-and-fall action, and he has failed to offer a good explanation in this regard.

*Capnord*, 618 F. Supp. 3d at 351. The undisputed evidence in *Capnord* thus demonstrated that the non-diverse employee actually worked in the online sales department and had no responsibility at all for ensuring the safety of the store's physical premises. *Id.* This court found these facts to support no reasonable possibility of recovery against the employee in question, and it accordingly denied the motion to remand. *Id.*

This case involves more traditional allegations against a store manager, and Walmart itself concedes in its briefing that "the law in Mississippi is unclear on the issue of whether a store manager is a 'person in charge' in determining liability." [Brief at 3]. This court notes that the Fifth Circuit has, in at least one decision, found that liability may be faced by a manager in a slip-and-fall case, *see Smith v. Petsmart, Inc.,* 278 Fed. Appx. 377 (5th Cir. 2008), which clearly assists plaintiffs in alleging that a reasonable possibility of recovery exists in this regard. In light of *Petsmart*, this court is certainly open to the possibility that a plaintiff would be able to establish a reasonable possibility of recovery against a store manager in a slip-and-fall case;

4

indeed, given the lenient *Smallwood* standards, it would likely not be overly difficult to obtain a remand in many such cases. Nevertheless, this court finds this particular case to be reminiscent of *Capnord* in that the plaintiff has asserted claims against a manager who can not reasonably be alleged to have been responsible for the dangerous condition in question.

In seeking remand, Walmart relies upon an affidavit from McCoy in which he asserts that he "was on medical leave from March 1, 2023, to September 1, 2023." [Exhibit D to motion to remand.] This means that McCoy had been on leave for over a month at the time of the April 7 accident in this case, which certainly makes it far more difficult for plaintiff to argue that he might be held responsible for that accident. In so concluding, this court notes that Judge Aycock denied a motion to remand under a very similar fact pattern, writing in a 2010 decision that:

> In the present case, it is undisputed that Brown was not working on the day Plaintiffs visited Pizza Hut, that he did not prepare or serve their food, that he did not supervise the preparation or service of their food, and that he had no knowledge of what was occurring at Pizza Hut. Therefore, Plaintiffs have no reasonable possibility of recovery against Brown for the actions of the other employees. Accordingly, the Court holds that Brown was improperly joined and dismisses him from this case.

*Doss v. NPC Int'l, Inc.*, 2010 WL 1759153, at *6 (N.D. Miss. Apr. 29, 2010).

This court finds *Doss* persuasive, and it concludes that a similar result is appropriate here. In arguing otherwise, plaintiff maintains that McCoy's pre-leave training practices were responsible for her accident, and she insists that he may therefore be held liable for her trip-and-fall notwithstanding his absence on the day in question. [Brief at 3]. While this court does not completely rule out the possibility that a plaintiff might be able to prevail on such an argument in a particular case, it believes that doing so would require her to offer more than the boilerplate allegations of negligence submitted by Glaser here. Indeed, plaintiff provides no indication that she is even aware of what kind of training McCoy offered his employees prior to taking medical leave, and this court frankly suspects that she chose him more or less randomly as a convenient

5

means of defeating diversity jurisdiction. If plaintiff had any greater factual basis for naming McCoy as a defendant in this case, then she does not offer it in her briefing, and her motion to remand will accordingly be denied.

It is therefore ordered that plaintiff's motion to remand [14] is denied, and Randy McCoy is hereby dismissed from this action based upon a filing of fraudulent joinder.

So ordered, this the 4th day of March, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI